**Opinion issued August 16, 2012.**



In The

# Court of Appeals

For The

# First District of Texas

————————————

**No. 01-12-00098-CV**

————————————

**STEVEN G. ELLIS, Appellant**

**V.**

**DANIEL BUENTELLO, JR., Appellee**

---

**On Appeal from the 434th District Court**
**Fort Bend County, Texas**
**Trial Court Case No. 11DCV188800**

---

## MEMORANDUM OPINION

This case involves a dispute over title to real property. A tax-foreclosure-sale purchaser, Daniel Buentello, sued Steven Ellis to quiet title and for trespass to try title. The trial court granted summary judgment in favor of Buentello on his claims. On appeal, Ellis contends that the trial court erred in

rendering summary judgment, because Buentello is enjoined from asserting his claims and a fact issue exists with respect to ownership of the property. We conclude that Buentello carried his summary judgment burden to establish his claim to quiet title but failed to prove his trespass-to-try-title action as a matter of law. We therefore affirm in part and reverse and remand in part.

## Background

Ellis and Buentello assert competing claims of ownership to property located in Fort Bend County, particularly Lot 11 in Block 1 of the Meadows on Koblen subdivision ("Lot 11" or "the property"). Buentello claims that he holds good title to the land through his purchase of it at a tax foreclosure sale. Ellis claims title to the land based on a purported general warranty deed.

The following course of events is relevant to these claims: Buentello purchased Lot 11 at an April 2009 tax foreclosure sale in Fort Bend County. A "Correction Deed under Order of Sale in Tax Suits" reveals that Fort Bend County had foreclosed on a tax lien it levied on Lot 11. The lien was based on a judgment against Southwest Suburban Development Company ("Southwest Suburban") for tax delinquency. The execution deed after foreclosure lists Daniel Buentello as grantee of Lot 11 from Constable A.J. Dorr, grantor.

In May 2009, one month after Buentello purchased Lot 11 at the foreclosure sale, Steven Ellis sued Southwest Suburban and its Vice President, Earl Atwood,

2

"to remedy a wrongful foreclosure and fraud upon [his] title," based on his interest in Lot 11. Ellis' suit was resolved in October 2010 by an agreed final judgment and permanent injunction, enjoining Southwest Suburban from "entering the subject tract" and "advertising, or offer[ing] to sell, or lease to purchasers or lessee[s] the subject tract for any purpose."

After discovering Ellis' suit against Southwest Suburban, Buentello sued Ellis to quiet title. Buentello claimed that he had purchased the property in April 2009, and Ellis had placed a cloud on Buentello's title by obtaining injunctive relief against Southwest Suburban. Buentello also sued Ellis for trespass to try title, claiming a superior interest in the land.

Buentello moved for traditional summary judgment on his claims. *See* TEX. R. CIV. P. 166(a). As summary judgment evidence, Buentello proffered: (1) his affidavit in which he averred that he had purchased the property at a tax sale, (2) a copy of the April 2009 deed, listing Buentello as grantee of the land from grantor, Constable A.J. Door, (3) notice of the May 2009 lawsuit filed by Steven Ellis against Southwest Suburban, and (4) a copy of the October 2010 "Agreed Final Judgment and Permanent Injunction" resolving Ellis's suit against Southwest Suburban.

In response, Ellis claimed that Buentello had purchased the property at a tax sale, knowing that the County did not warrant title to the land. He further claimed

3

that Buentello's suit was barred by res judicata. In support of his motion, Ellis attached: (1) a copy of Buentello's deed from the County Sheriff, (2) two photographs of land, (3) copies of selected pages from a law firm website discussing tax sales, (4) a copy of a police report, (5) a copy of the October 2010 injunction, and (6) an unsworn statement in which Ellis declared that he possessed a twenty-year-old general warranty deed to the property.

## Discussion

Ellis claims that the trial court erred in granting summary judgment in favor of Buentello.

### I.    Injunction Does Not Bar Summary Judgment

Ellis claims that the trial court's summary judgment order grants relief that contravenes the October 2010 injunction. According to Ellis, the October 2010 injunction permanently enjoins Buentello from asserting any interest in Lot 11.

Texas Rule of Civil Procedure 683 provides that every order granting an injunction "is binding only upon the parties to the action, their officers, agents, servants, employees, and attorneys, and upon those persons in active concert or participation with them who receive actual notice of the order by personal service or otherwise." TEX. R. CIV. P. 683. Generally, an injunction does not bind non-parties who have not received notice of the order. *See id.*

Included in the summary judgment record is a copy of an October 2010 "Agreed Final Judgment and Permanent Injunction." The final judgment resolves Ellis's suit against Southwest Suburban and its Vice President, Earl Atwood. It grants monetary and injunctive relief in favor of Ellis. The portion of the judgment granting injunctive relief provides that "[Southwest Suburban and Atwood], and [their] officers, agents, servants, employees and any other persons, entities, or claimants in active concert of participation with [them] shall be permanently enjoined from: (1) entering the subject Tract 11 . . . [and] (2) advertising or offer[ing] to sell . . . the subject tract for any purpose."

In his summary judgment response, Ellis concedes that Buentello is not a party to the October 2010 injunction. And he acknowledges that Buentello is not in "privity" with those parties bound by the injunction. Because Buentello is not a party to the injunction nor a person alleged to have acted in concert with Southwest Suburban, we conclude that the injunction does not preclude trial court's summary judgment.

## II. Summary Judgment

Ellis generally contends that the trial court erred in granting summary judgment in favor of Buentello. We conclude that the trial court did not err in granting summary judgment on Buentello's suit to quiet title, but erred in granting summary judgment on his trespass-to-try-title claim.

5

### 1. Standard of Review

To prevail on a traditional summary judgment motion, a movant must prove that there is no genuine issue regarding any material fact and that it is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c); *Little v. Tex. Dep't of Crim. Justice*, 148 S.W.3d 374, 381 (Tex. 2004). A party moving for summary judgment on one of its own claims must conclusively prove all essential elements of the claim. *See Rhône-Poulenc, Inc. v. Steel*, 997 S.W.2d 217, 223 (Tex. 1999). A defendant may also prevail by traditional summary judgment if it conclusively negates at least one essential element of a plaintiff's claim or conclusively proves an affirmative defense. *See IHS Cedars Treatment Ctr. of DeSoto, Tex., Inc. v. Mason*, 143 S.W.3d 794, 798 (Tex. 2004). A matter is conclusively established if reasonable people could not differ as to the conclusion to be drawn from the evidence. *City of Keller v. Wilson*, 168 S.W.3d 802, 816 (Tex. 2005).

If the movant meets its burden, the burden then shifts to the nonmovant to raise a genuine issue of material fact precluding summary judgment. *See Centeq Realty, Inc. v. Siegler*, 899 S.W.2d 195, 197 (Tex. 1995). The evidence raises a genuine issue of fact if reasonable and fair-minded jurors could differ in their conclusions in light of all of the summary judgment evidence. *See Goodyear Tire & Rubber Co. v. Mayes*, 236 S.W.3d 754, 755 (Tex. 2007) (per curiam).

On appeal, we review de novo a trial court's summary judgment ruling. *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009). In our review, we consider all the evidence in the light most favorable to the nonmovant, crediting evidence favorable to the nonmovant if reasonable jurors could, and disregarding contrary evidence unless reasonable jurors could not. *Mack Trucks, Inc. v. Tamez*, 206 S.W.3d 572, 582 (Tex. 2006). Buentello moved for summary judgment on two claims: suit to quiet title and trespass to try title. We address whether Buentello carried his summary judgment burden to establish each claim as a matter of law in turn.

### 2. Suit to Quiet Title

Buentello's suit to quiet title asserts that the final judgment and injunction resolving Ellis' suit against Southwest Suburban is a hindrance that creates the appearance of a better right to title in Ellis than in Buentello and is, in fact, invalid. A suit to quiet title—also known as a suit to remove cloud from title—rests on the invalidity of the defendant's claim to the property. *Gordon v. W. Houston Trees, Ltd.*, 352 S.W.3d 32, 42 (Tex. App.—Houston [1st Dist.] 2011, no pet.) (citing *Longoria v. Lasater*, 292 S.W.3d 156, 165 n.7 (Tex. App.—San Antonio 2009, pet. denied)). In other words, the purpose of a suit to quiet title is to invalidate the defendant's claim to title. *See Hahn v. Love*, 321 S.W.3d 517, 531 (Tex. App.—Houston [1st Dist.] 2009, pet. denied) (plaintiff bears burden of establishing

7

that adverse claim is cloud on title that equity will remove). It enables the holder of "the feeblest equity to remove from his way to legal title any unlawful hindrance having the appearance of better right." *Gordon*, 352 S.W.3d at 42 (quoting *Bell v. Ott*, 606 S.W.2d 942, 952 (Tex. Civ. App.—Waco 1980, writ ref'd n.r.e.)). A cloud on title exists when a claimant shows an outstanding claim or encumbrance, which on its face, if valid, would affect or impair the title of the owner of the property. *Id.* (citing *Hahn*, 321 S.W.3d at 531). A plaintiff thus must prove right, title, or ownership in himself with sufficient certainty to enable a court to conclude that he has a right of ownership and that the adverse claimant has created a cloud on title that equity will remove. *Hahn*, 321 S.W.3d at 531.

In order to prevail on his summary judgment motion, Buentello had the burden to establish that Ellis (1) created a hindrance to Buentello's title, having the appearance of a better right to title than his own, that (2) appears to be valid on its face, and that (3) for reasons not apparent on its face, is not valid. *See Gordon*, 352 S.W.3d at 42. The summary judgment record contains an injunction that Ellis obtained in October 2010, enjoining Southwest Suburban and its officers, agents, employees or servants from entering Lot 11 or offering to sell or lease it for any purpose. The Agreed Final Judgment and Permanent Injunction is signed by a Fort Bend County district judge and the district clerk and bears the Fort Bend County filing stamp. It thus appears to be valid on its face and, if valid, would create the

8

appearance that Ellis has an interest in Lot 11. *See id.* (transfer from previous owner to trust, apparently predating sale of land at execution sale, created cloud on execution-sale purchaser's title). But the summary judgment evidence establishes that the final judgment is not a valid cloud on Buentello's title, due to reasons not apparent on the face of the judgment. Buentello purchased the property at a tax foreclosure sale in April 2009—eighteen months before Ellis obtained his injunction. Ellis does not contest the fact that Buentello purchased the property in April 2009. Rather, Ellis contends that a purchase at a tax foreclosure sale is not warranted against competing claims. Ellis offered an unsworn statement claiming to hold a general warranty deed to Lot 11, but he did not proffer any other evidence of ownership into the record, like the deed itself. We conclude that Buentello carried his summary judgment burden to quiet title and Ellis failed to raise a fact issue on any of the elements of a suit to quiet title. Accordingly, the trial court did not err in granting summary judgment on Buentello's suit to quiet title.

### 3. Trespass to Try Title

Ellis claims that a fact issue exists with respect to ownership of the property. According to Ellis, he or his neighbor has an interest in the property superior to Buentello's claim. In contrast, Buentello claims that the trial court properly entered summary judgment on his trespass-to-try-title claim and that Ellis cannot assert the rights of his neighbor to defeat Buentello's summary judgment motion.

We do not address whether Ellis has standing to assert the rights of his neighbor, because we conclude that, although Buentello carried his burden to quiet title, Buentello did not carry his summary judgment burden to prove his claim of trespass-to-try-title.

A trespass-to-try-title action is a procedure to adjudicate completing claims to title or the right to possession of real property. *See* TEX. PROP. CODE ANN. 22.001–.045 (West 2000 & Supp. 2011). To prevail in a trespass-to-try-title action, a plaintiff must usually establish (1) a regular chain of conveyances from the sovereign, (2) superior title out of a common source, (3) title by limitations, or (4) title by prior possession coupled with proof that possession was not abandoned. *Martin v. Amerman*, 133 S.W.3d 262, 265 (Tex. 2004) (citing *Plumb v. Stuessy*, 617 S.W.2d 667, 668 (Tex. 1981)). A trespass-to-try-title action requires a plaintiff to prevail on the superiority of his title; it does not focus on the weakness of a defendant's title. *See Land v. Turner*, 377 S.W.2d 181, 183 (Tex. 1964).

Buentello proffered a correction deed into the summary judgment record, revealing that he purchased Lot 11 at a tax foreclosure sale. In his summary judgment motion, Buentello claimed that the correction deed established that he had received all rights, title, and interest in and to the property directly from the sovereign, Fort Bend County. Buentello offered no other deed indicating

ownership of the property and did not seek to establish superior title by any other method.

We conclude that Buentello failed to establish a proper chain of title. A trespass-to-try-title claimant must demonstrate a chain of conveyances tracing ownership back to a governmental entity. *See Martin*, 133 S.W.3d at 265. A deed from a foreclosure sale listing a constable as grantor of the property does not establish title emanating directly from the sovereign. *See Mosby v. Post Oak Bank*, No. 14-10-00203-CV, 2011 WL 6425696, at *4, — S.W.3d — (Tex. App.—Houston [14th Dist.] Dec. 22, 2011, pet. denied) (execution deed did not establish conveyance emanating from sovereign). A constable forecloses on property pursuant to a writ of execution; she does not own the property or hold title to it. *Id.* A sale pursuant to a writ of execution does not convey the property or demonstrate that the sovereign conveyed title to the property; it is merely a conveyance of the previous interest in the property. *Id.* A deed evidencing a foreclosure sale thus does not establish that the sovereign conveyed title to the property to the grantor. *See id.* This is true even when a county forecloses on its statutory tax lien to satisfy a debtor's ad valorem tax delinquency: The property is sold as security to satisfy a monetary judgment in favor of the county for a tax arrearage owed by the debtor, the holder of the property interest; the county does not hold title to the property by virtue of its lien nor by its statutory authority to

11

foreclose on the property. *See* TEX. TAX CODE ANN. §§ 32.01(a), 33.41 (West 2008) (granting lien on real property to secure payment of taxes and permitting taxing unit to sue to foreclose lien securing payment of tax, sue to enforce personal liability for tax, or both); *see also id.* § 33.53 (permitting order of sale to satisfy tax delinquency). Rather, the county is exercising its right to sell the property to satisfy a judgment determining the amount of delinquent ad valorem taxes owed by the property's owner. The power of foreclosure (i.e. the power to sell security to satisfy a debt owed) does not connote ownership of the underlying property.

Without further evidence of the chain of title, the proffer of the constable's correction deed from the foreclosure sale does not establish title emanating directly from the sovereign. Because Buentello did not establish a superior title by the proffer of a correction deed and he offered no further summary judgment evidence of his superior title, we conclude that the trial court erred in granting summary judgment on his trespass-to-try-title claim.

### 4. Res Judicata Affirmative Defense

In his summary judgment response, Ellis raised the affirmative defense of res judicata. Buentello did not object or specially except to the failure to plead res judicata as defense. A party may obtain summary judgment based on affirmative defenses not pleaded if the nonmoving party does not object to the absence of an answer containing those affirmative defenses and if the motion has merit. *See*

12

*Roark v. Stallworth Oil and Gas, Inc.*, 813 S.W.2d 492, 494–95 (Tex. 1991). We therefore consider whether the record supports summary judgment against Buentello's claims based on the affirmative defense of res judicata.

"Res judicata bars the relitigation of claims that have been finally adjudicated or that could have been litigated in the prior action." *Igal v. Brightstar Info. Tech. Grp., Inc.*, 250 S.W.3d 78, 86 (Tex. 2008) (citing *Barr v. Resolution Trust Corp.*, 837 S.W.2d 627, 628 (Tex. 1992)). For res judicata to apply under Texas law, the following elements must be present: (1) a prior final judgment on the merits by a court of competent jurisdiction; (2) the same parties or those in privity with them; and (3) a second action based on the same claims as were raised or could have been raised in the first action. *Citizens Ins. Co. of Am. v. Daccach*, 217 S.W.3d 430, 449 (Tex. 2007).

Ellis has not carried his burden to prove each element of the affirmative defense of res judicata. Ellis concedes that Buentello was not a party to his suit against Southwest Suburban. He also concedes that none of the parties to his previous suit against Southwest Suburban are in privity with Buentello. Because Ellis concedes an essential element of his res judicata defense, the trial court did not err in refusing to grant summary judgment in his favor in this basis.

## Conclusion

We conclude that Buentello carried his summary judgment burden to prove his claim quieting title to Lot 11. Buentello did not, however, establish his trespass-to-try-title claim as a matter of law. Accordingly, we affirm the trial court's summary judgment in part and reverse in part. We remand the case to the trial court for further proceedings.


Jane Bland
Justice

Panel consists of Justices Bland, Massengale, and Brown.