Romulo A. MUNGUIA et ux., Appellants,

v.

Manuel T. PAIZ, Appellee.

No. 14493.

Court of Civil Appeals of Texas.

San Antonio.

May 18, 1966.

Henry Beltran, San Antonio, for appellants.

George C. Reed, San Antonio, for appellee.

CADENA, Justice.

This is an appeal from a summary judgment in a trespass to try title suit rendered against appellants, Romulo A. Munguia and wife, Nelda Marie Munguia, defendants below, in favor of appellee, Manuel T. Paiz.

Appellee filed his petition in the statutory form of trespass to try title, to which appellants interposed a plea of not guilty. Appellee then filed a motion for summary judgment, to which was attached a certified copy of a deed signed by appellants conveying the land in question to appellee. The motion was further supported by the affidavit of the person who prepared the deed, detailing some of the transactions between the parties, and stating that before Mrs. Munguia executed the deed he explained to her, separately and apart from her husband, the nature of the transaction and the reasons and considerations for the conveyance. The deed is properly acknowledged by both the husband and the wife.

The warranty deed recites a consideration of $10.00 and other good and valuable consideration, receipt of which is acknowledged, "and further consideration that this deed is made subject to" a described promissory note secured by a deed of trust.

In answer to the motion for summary judgment, appellants asserted that there was additional consideration for the conveyance, not expressed in the deed, and that there had been a failure of such consideration. Appellants made no allegations of fraud, and filed no pleadings seeking a cancellation or rescission of the deed.

After a hearing, the trial court granted the motion for summary judgment and awarded appellee title and possession of the land in question.

Even if it be assumed that parol evidence was admissible to show that the deed did not recite the full consideration for the conveyance, and assuming that there has been a total or partial failure of consideration, appellants' pleadings and counter-affidavits

presented no defense to appellee's suit. The applicable rule is tersely stated in Stuard v. Vick, Tex.Civ.App., 9 S.W.2d 494, 496, wr. dism., as follows: "It is well settled by the decisions in our state that mere failure by a grantee to perform a promise, which formed the whole or a part of the consideration inducing an executed conveyance of real estate, gives rise to no right of rescission in the grantor."

Stated differently, a deed which is otherwise valid will not be invalidated by reason of a total or partial failure of consideration, and will, despite such failure, operate to convey title. 6 Thompson, Real Property (1962 Replacement), § 3124; 26 C.J.S. Deeds § 21, p. 618. The authorities on this question are exhaustively discussed in Tripplehorn v. Ladd-Hannon Oil Corporation, Tex.Civ.App., 8 S.W.2d 217, wr. dism.

The judgment of the trial court is affirmed.