

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-14-00059-CV

**IN THE INTEREST OF D.M.**

From the 150th Judicial District Court, Bexar County, Texas
Trial Court No. 2013-PA-00345
Honorable Charles E. Montemayor, Associate Judge Presiding

Opinion by:  Karen Angelini, Justice

Sitting:  Karen Angelini, Justice
Rebeca C. Martinez, Justice
Patricia O. Alvarez, Justice

Delivered and Filed:  June 25, 2014

AFFIRMED AS MODIFIED

Appellant David M. appeals the trial court's order terminating his parental rights to his son, D.M. On appeal, he argues that (1) the trial court's order erroneously terminated his parental rights pursuant to section 161.002 of the Texas Family Code; and (2) the evidence is legally and factually insufficient to support the trial court's finding that he constructively abandoned his son. We affirm the trial court's order as modified.

## DISCUSSION

With regard to the first issue, the trial court's order states the following pursuant to section 161.002:

> 8.1  The Court finds by clear and convincing evidence that, after having waived service of process or being served with citation in this suit, DAVID M[.] did not respond by timely filing an admission of paternity or by filing a counterclaim for

paternity or for voluntary paternity to be adjudicated under chapter 160 of the Texas Family Code before the final hearing in this suit.

David M. points out that at the chapter 262 hearing, David M. was established as a temporary possessory conservator and was thus established as the legal father of D.M. The Department of Family and Protective Services concedes that the record supports the conclusion the trial court did not find by clear and convincing that David M. failed to legitimate his parentage. The Department acknowledges that the trial court's statements on the record and his notes relating to the termination order both indicate his findings in support of the order were limited to constructive abandonment. We therefore modify the trial court's order to delete paragraph 8.1.

In his second issue, David M. challenges the sufficiency of the evidence to support the trial court's constructive abandonment finding pursuant to section 161.001(1)(N) of the Texas Family Code. *See* TEX. FAM. CODE ANN. § 161.001(1)(N) (West 2014). When the legal sufficiency of the evidence is challenged, we look at all the evidence in the light most favorable to the trial court's finding to determine whether a reasonable trier of fact could have formed a firm belief or conviction that its finding was true. *In re J.O.A.*, 283 S.W.3d 336, 344 (Tex. 2009). "To give appropriate deference to the factfinder's conclusions and the role of a court conducting a legal sufficiency review, looking at the evidence in the light most favorable to the judgment means that a reviewing court must assume that the factfinder resolved disputed facts in favor of its finding if a reasonable factfinder could do so." *Id.* (citation omitted). "A corollary to this requirement is that a court should disregard all evidence that a reasonable factfinder could have disbelieved or found to have been incredible." *Id.* (citation omitted). "If, after conducting its legal sufficiency review of the record evidence, a court determines that no reasonable factfinder could form a firm belief or conviction that the matter that must be proven is true, then that court must conclude that the evidence is legally insufficient." *Id.* at 344-45 (citation omitted).

When a parent challenges the factual sufficiency of the evidence on appeal, we look at all the evidence, including disputed or conflicting evidence. *Id.* at 345. "If, in light of the entire record, the disputed evidence that a reasonable factfinder could not have credited in favor of the finding is so significant that a factfinder could not reasonably have formed a firm belief or conviction, then the evidence is factually insufficient." *Id.* (citation omitted); *see also In re A.B.*, No. 13-0749, 2014 WL 1998440, at *3 (Tex. May 16, 2014). In reviewing termination findings for factual sufficiency, we give due deference to the factfinder's findings and do not supplant its judgment with our own. *In re H.R.M.*, 209 S.W.3d 105, 108-09 (Tex. 2006); *see In re A.B.*, 2014 WL 1998440, at *3 (explaining that while there is a heightened standard of review in parental termination cases, a "court of appeals must nevertheless still provide due deference to the decisions of the factfinder, who, having full opportunity to observe witness testimony first-hand, is the sole arbiter when assessing the credibility and demeanor of witnesses").

Pursuant to section 161.001(1)(N), a trial court may terminate the parent-child relationship if it finds by clear and convincing evidence that the parent has constructively abandoned the child who has been in the permanent or temporary managing conservatorship of the Department for not less than six months and (1) the Department has made reasonable efforts to return the child to the parent; (2) the parent has not regularly visited or maintained significant contact with the child; and (3) the parent has demonstrated an inability to provide the child with a safe environment. Tex. Fam. Code Ann. § 161.001(1)(N) (West 2014). On appeal, David M. challenges the sufficiency of the evidence to support the trial court's findings that the Department made reasonable efforts to return D.M. to David M.

In February 2013, David M. was in a relationship with Anna F., who was pregnant with D.M. The Department removed her two-year-old daughter for neglect and filed the original petition to terminate Anna F.'s parental rights to her daughter. D.M. was born a couple of months later on

April 5, 2013, at only twenty-nine weeks, and was placed in the Natal Intensive Care Unit on an incubator. After receiving a referral of neglectful supervision and being unable to locate D.M.'s parents, the Department sought emergency temporary orders, which were granted by the trial court. The Department then filed an amended petition, adding David M. as the alleged father of D.M., and seeking termination of the parent-child relationship. After the chapter 262 hearing on April 24, 2013, the trial court ordered David M. to complete a service plan. The Department's June 2013 status report noted that David M. had signed his service plan in April 2013, and requested the trial court make the service plan an order of the court. On June 11, 2013, the trial court approved the service plan for David M. and made it an order of the court.

At the termination hearing on January 8, 2014, Rachel Peppin, the Department's case worker, testified that all parents in this case were ordered to complete a service plan and that David M. had not successfully completed any of the services provided to him. Peppin testified that Anna F. had obtained a protective order against David M. and that David M. did not complete domestic violence classes and individual counseling sessions. According to Peppin, there was no reason why David M. could not have completed all of the services in this case. Peppin testified that David M. participated in only three therapy sessions and was discharged from his counseling session because he stopped attending. Peppin also testified that David M. had not shown stable employment or housing. The Department's preparation and administration of a service plan for the parent constitutes evidence that it has made reasonable efforts to return the child to the parent. *In re M.R.J.M.*, 280 S.W.3d 494, 505 (Tex. App.—Fort Worth 2009, no pet.); *see In re A.Q.W.*, 395 S.W.3d 285 (Tex. App.—San Antonio 2013, no pet.) (explaining that "[i]mplementation of a family service plan by the Department is ordinarily considered a reasonable effort to return a child to his parent"); *In re N.R.T.*, 338 S.W.3d 667, 674 (Tex. App.—Amarillo 2011, no pet.) (same).

We hold the evidence is legally sufficient to support the trial court's finding that reasonable efforts were made by the Department to return D.M. to David M.

With regard to factual sufficiency, David M. complains that Peppin did not specifically identify the services offered to David M. or testify that she made all the referrals and authorizations necessary for David M. to participate in those services. The service plan was filed and made part of the appellate record. It specifically lists all services provided to David M. Further, Peppin testified that there was no reason David M. could not have completed all his services. We hold the evidence is also factually sufficient to support the trial court's finding that reasonable efforts were made by the Department to return D.M. to David M.

Finally, David M. argues that although the Department is required to prove that he, the father, has not regularly visited or maintained significant contact with the child, the order of termination actually states that the "mother" has not regularly visited or maintained significant contact with the child. Paragraph 8 of the trial court's order of termination is titled "Termination of Alleged Father David M[.]'s Parental Rights." Subparagraph 8.13 finds that David M. constructively abandoned D.M. Twice in subparagraph 8.13 "mother" is crossed out and "father" was written in the trial court's handwriting. There is one instance in subparagraph 8.13 where "mother" is not crossed out. With the handwritten delineations, subparagraph 8.13 reads as follows:

> [David M.] constructively abandoned the children who have been in the permanent or temporary managing conservatorship of the Department of Family and Protective Services or an authorized agency for not less than six months and: (1) the Department or authorized agency has made reasonable efforts to return the children to the father; (2) the *mother* has not regularly visited or maintained significant contact with the children; and (3) the father has demonstrated an inability to provide the children with a safe environment, pursuant to § 161.001(1)(N), Texas Family Code.

(emphasis added). It is apparent from the context of the trial court's order that the references to "mother" in subparagraph 8.1 were typographical errors and that the trial court corrected the errors twice but inadvertently overlooked one reference to "mother." We therefore interpret the reference in subparagraph 8.1 to be to "father" and not to "mother." *Cf. Gordon v. W. Houston Trees, Ltd.*, 352 S.W.3d 32, 41 (Tex. App.—Houston [1st Dist.] 2011, no pet.); *Ex parte Hogan*, 916 S.W.2d 82, 85 (Tex. App.—Houston [1st Dist.] 1996, orig. proceeding).

## CONCLUSION

Because the trial court's order erroneously terminates David M.'s parental rights pursuant to section 161.002, we modify the trial court's order to delete paragraph 8.1. As modified, we affirm the trial court's order of termination.


Karen Angelini, Justice