**Opinion issued June 17, 2025**



In The

# Court of Appeals

For The

# First District of Texas

———————————

**NO. 01-24-00033-CV**

———————————

**DENNIS STEVEN PERTOLANITZ, Appellant**

**V.**

**DAMON SALONE WALDROUP, Appellee**

**On Appeal from the 423rd District Court**
**Bastrop County, Texas[1]**
**Trial Court Case No. 423-9167**

**O P I N I O N**

---

[1] The Texas Supreme Court transferred this appeal from the Court of Appeals for the Third District of Texas. *See* TEX. GOV'T CODE § 73.001 (authorizing transfer of cases between courts of appeals). Under our Rules of Appellate Procedure, we apply the transferor court's caselaw in the event of conflict. *See* TEX. R. APP. P. 41.3. The parties have not cited, nor has our research revealed, any conflict between the precedent of the Third Court of Appeals and of this Court on any relevant issue.

The appellant, Dennis Steven Pertolanitz, appeals from the trial court's order granting summary judgment in favor of the appellee, Damon Salone Waldroup, in a dispute over ownership of a one-acre parcel of land. Pertolanitz argues the trial court erred in granting summary judgment because there are genuine issues of material fact regarding the property transfer. He also contends that the trial court erred in granting summary judgment based on his lack of an attached affidavit. We disagree on both and affirm.

## BACKGROUND

This case concerns a dispute between two cousins, Pertolanitz and Waldroup, regarding the ownership of a parcel of land in Bastrop County, Texas.

### A.    Pertolanitz signs a General Bill of Sale, agreeing to sell the property.

Before 2021, Pertolanitz owned an unsubdivided ten-acre tract of land, which included the one-acre subject property. In 2021, Pertolanitz agreed to sell Waldroup the subject property.

On October 8, 2021, Waldroup made a $4,500 payment on Pertolanitz's behalf to the Bastrop County Tax Office for delinquent property taxes burdening Pertolanitz's ten-acre tract of land.

On October 23, 2021, Pertolanitz and Waldroup signed a General Bill of Sale in front of a notary public, in which Pertolanitz agreed to sell Waldroup one acre out of Pertolanitz's ten-acre tract of land "for the purchase price of $12,000."

The parties do not dispute that the $12,000 purchase price included the initial $4,500 tax payment, leaving a remaining balance of $7,500.

On November 22, 2021, Waldroup hired a professional land surveyor who prepared a plat describing the metes and bounds of the one-acre subject property.

Shortly after, Waldroup presented the Bill of Sale to his attorney, who informed him that the document was insufficient to transfer title to the real property and that the parties needed to execute a deed.

**B.    Pertolanitz executes and delivers a General Warranty Deed conveying the property to Waldroup.**

In May 2022, Waldroup's attorney prepared a General Warranty Deed. The Deed describes the property using the surveyor's metes and bounds description. The Deed states that Pertolanitz is conveying the property to Waldroup and recites "[c]ash and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged" as consideration for the conveyance.

On May 13, 2022, Pertolanitz executed the Deed and delivered it to Waldroup. The parties agree that the Deed was not properly notarized, preventing the Deed from being recorded in the county property records.

By the summer of 2022, the parties' relationship had deteriorated, and Pertolanitz sought to cancel the transfer of the property.

## C. Summary Judgment Proceedings

Waldroup filed a trespass to try title action against Pertolanitz, seeking a declaratory judgment confirming title to and ownership of the subject property. Waldroup subsequently filed a traditional motion for summary judgment, asserting that the Deed is valid and binding on the parties as a matter of law. As summary judgment evidence, Waldroup attached the surveyor's metes and bounds description and plat, the tax payment receipt, the Bill of Sale, the Deed, and two affidavits of Waldroup.

Pertolanitz responded that there were genuine disputes of material fact as to the terms and obligations of the parties, whether Waldroup fulfilled his obligation to pay the remaining balance for the property, and whether Waldroup threatened to harm Pertolanitz. Pertolanitz did not submit an affidavit or evidence.

After a hearing, the trial court granted Waldroup's motion for summary judgment. The trial court did not specify the basis for its ruling.

Pertolanitz moved for a new trial. Among other arguments, Pertolanitz urged the court to grant a new trial because he remedied the "procedural technicality" of his affidavit being missing before; he attached his affidavit to the motion for new trial. In it, Pertolanitz stated, among other things, that Waldroup never paid the remaining balance for the subject property.

4

The trial court denied Pertolanitz's motion for a new trial without specifying the basis for the denial. Pertolanitz appealed.

## DISCUSSION

Pertolanitz argues the trial court erred in granting summary judgment because there are genuine issues of material fact regarding the conveyance of the property. He also contends the trial court erred in granting summary judgment based on his lack of an attached affidavit. We disagree and affirm.

### A.    Standard of Review

We review de novo a trial court's order granting summary judgment. *Hillis v. McCall*, 602 S.W.3d 436, 439 (Tex. 2020). Under traditional summary judgment procedure, the movant has the initial burden of showing that no genuine issue of material fact exists, and the court should grant a judgment as a matter of law. *See id.* at 439–40; TEX. R. CIV. P. 166a(c). When the movant presents summary judgment proof of each element of the claim or defense upon which it seeks summary judgment, the burden shifts to the nonmovant to disprove or raise an issue of fact as to at least one element of the movant's claim or defense. *See City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678–79 (Tex. 1979).

In reviewing a grant of summary judgment, we "examine the entire record in the light most favorable to the nonmovant, indulging every reasonable inference and resolving any doubts against the motion." *Sudan v. Sudan*, 199 S.W.3d 291,

5

292 (Tex. 2006). And when, as here, the trial court does not specify the grounds on which it granted a summary judgment, we must uphold the trial court's judgment if any of the grounds properly presented are meritorious. *Merriman v. XTO Energy, Inc.*, 407 S.W.3d 244, 248 (Tex. 2013).

**B.      Pertolanitz did not raise a genuine issue of material fact regarding conveyance of the property.**

Pertolanitz argues the court erred in granting summary judgment because there are genuine issues of material fact regarding the conveyance of the subject property. Specifically, Pertolanitz argues there are issues of fact regarding the sufficiency of the Deed, whether Waldroup fully paid the agreed-upon consideration for the sale of the property, and whether Waldroup's threatening verbal and physical behavior harmed Pertolanitz. None supports reversal.

**1.      Applicable law for conveying an interest in real property.**

To validly convey an interest in real property, the instrument of conveyance must satisfy the requirements of the statute of conveyances (codified at TEX. PROP. CODE § 5.021) and the statute of frauds (codified at TEX. BUS. & COM. CODE § 26.01). *Gordon v. W. Houston Trees, Ltd.*, 352 S.W.3d 32, 43 (Tex. App.—Houston [1st Dist.] 2011, no pet.); *accord ConocoPhillips Co. v. Hahn*, 704 S.W.3d 515, 530 (Tex. 2024). To do so, the instrument must be in writing, signed by the grantor, and delivered to the grantee. TEX. PROP. CODE § 5.021; *see* TEX. BUS. & COM. CODE. § 26.01(a), (b)(4); *Gordon*, 352 S.W.3d at 43.

In addition to those statutory requirements, to accomplish a legally effective conveyance, a deed should contain the following:

- a grantor and grantee can be ascertained from the instrument;

- there are operative words or words of grant showing an intention by the grantor to convey to the grantee title to a real property interest;

- the interest is sufficiently described; and

- the instrument is signed and acknowledged by the grantor.

*Gordon*, 352 S.W.3d at 43; *see ConocoPhillips*, 704 S.W.3d at 531–32.

Is it not required that the deed be notarized or acknowledged. *See Haile v. Holtzclaw*, 414 S.W.2d 916, 928 (Tex. 1967); *Apex Fin. Corp. v. Garza*, 155 S.W.3d 230, 237 (Tex. App.—Dallas 2004, pet. denied). A proper acknowledgment is required to record the deed. TEX. PROP. CODE § 12.001(b). But an unrecorded deed remains binding on the parties. *Id.* § 13.001(b). And the recording of the deed is not necessary to pass title. *See Thornton v. Rains,* 299 S.W.2d 287, 288 (Tex. 1957); *Apex Fin. Corp.*, 155 S.W.3d at 237.

Instead, title to conveyed real property vests in the grantee upon execution and delivery of the deed. *Stephens Cnty. Museum, Inc. v. Swenson*, 517 S.W.2d 257, 261 (Tex. 1974); *Thompson v. Six Shooter Enters.*, 633 S.W.3d 107, 114 (Tex. App.—El Paso 2021, no pet.); *Adams v. First Nat. Bank of Bells/Savoy*, 154 S.W.3d 859, 869 (Tex. App.—Dallas 2005, no pet.). "Delivery" of the deed, in turn, is accomplished when the grantor places the deed within the grantee's control

7

with the intention that the deed become operative as a conveyance. *Binford v. Snyder*, 189 S.W.2d 471, 475 (Tex. 1945); *Adams*, 154 S.W.3d at 869. The fact that the grantee has possession of a duly executed deed raises a presumption that the deed was delivered by the grantor. *See Gonzales v. Adoue*, 58 S.W. 951, 953 (Tex. 1900); *Bell v. Smith*, 532 S.W.2d 680, 685 (Tex. App.—Fort Worth 1976, no writ).

**2.      Title vested in Waldroup after Pertolanitz executed and delivered the Deed.**

Applying that law to this record, title to the property vested in Waldroup after Pertolanitz executed and delivered the Deed to Waldroup. The Deed satisfied all of the above-described requirements to accomplish a legally effective conveyance.

Pertolanitz does not dispute that the Deed is in writing and sufficiently describes the property. *See* TEX. PROP. CODE § 5.021; TEX. BUS. & COM. CODE § 26.01(a), (b)(4); *Gordon*, 352 S.W.3d at 43. He likewise does not dispute that the grantor (Pertolanitz) and grantee (Waldroup) can be ascertained from the Deed, or that the Deed has words of grant showing an intention to convey the property to Waldroup. *See Gordon*, 352 S.W.3d at 43; *ConocoPhillips*, 704 S.W.3d at 531. Nor does Pertolanitz dispute executing the Deed and delivering it into Waldroup's control. *See* TEX. PROP. CODE § 5.021; *Stephens Cnty.*, 517 S.W.2d at 261. Further, Waldroup has possession of the Deed, creating the presumption that delivery was

8

accomplished (which Pertolanitz does not attempt to rebut). *See Gonzales*, 58 S.W. at 953.

Accordingly, title to the property vested in Waldroup after the execution and delivery of the Deed. *See, e.g.*, *Stephens Cnty.*, 517 S.W.2d at 261.

**3.      Pertolanitz's consideration argument does not change this result.**

Rather than dispute this, Pertolanitz argues there is a genuine issue of material fact regarding whether Waldroup paid full consideration for the sale of the property; he says full consideration still requires payment of $7,500 of the $12,000 purchase price listed in the Bill of Sale. The parties dispute whether that has been paid, and Pertolanitz's position is that this asserted failure of consideration renders the deed void and subject to cancellation. Not so.

Even assuming full consideration has not been paid,[2] it is settled in Texas that "failure of consideration is insufficient to void a deed where evidence of fraud or undue influence is absent." *Curtis v. Baker*, No. 14-17-00859-CV, 2018 WL 6684263, at *1 (Tex. App.—Houston [14th Dist.] Dec. 20, 2018, no pet.); *accord Uriarte v. Petro*, 606 S.W.2d 22, 24 (Tex. App.—Houston [1st Dist.] 1980, writ ref'd n.r.e.).

---

[2]      The Deed recites the following consideration: "[c]ash and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged." After delivery and acceptance, deeds are generally regarded as the final expression of the parties' agreement. *See Chicago Title Ins. Co. v. Cochran Invs., Inc.*, 602 S.W.3d 895, 906–07 (Tex. 2020); *Smith v. Harrison Cnty.*, 824 S.W.2d 788, 793 (Tex. App.—Texarkana 1992, no writ).

To be clear, under Texas's longstanding practice, "a deed [that] is otherwise valid will not be invalidated by reason of a total or partial failure of consideration, and will, despite such failure, operate to convey title." *Munguia v. Paiz*, 404 S.W.2d 47, 48 (Tex. App.—San Antonio 1966, no writ); *see also Silvio v. Boggan*, No. 01-10-00081-CV, 2012 WL 524420, at *1–3, *5 (Tex. App.—Houston [1st Dist.] Feb. 16, 2012, pet. denied) (because jury found grantee did not commit fraud in securing deed, issue of whether grantee paid consideration for deed was immaterial; trial court erred in voiding deed based on nonpayment of consideration).

Pertolanitz did not allege fraud or undue influence. On this record, Pertolanitz's argument does not provide grounds for canceling or rescinding the executed Deed, which validly transferred title of the subject property to Waldroup.[3]

### 4. Pertolanitz's argument about threatening behavior does not raise a genuine issue of material fact precluding summary judgment.

Next, Pertolanitz argues that Waldroup's alleged threatening behavior towards Pertolanitz (and the alleged ensuing harm), which purportedly occurred after Waldroup refused to pay the full purchase price, raises a genuine issue of fact precluding summary judgment as to the conveyance here. We again disagree.

---

[3] We take no position on whether Pertolanitz has other rights or claims that he could assert based on the alleged lack of full payment. *See, e.g.*, *Carter v. Barclay*, 476 S.W.2d 909, 915 (Tex. App.—Amarillo 1972, no writ); *Ussery v. Hollebeke*, 391 S.W.2d 497, 501, 503 (Tex. App.—El Paso 1965, writ ref'd n.r.e.).

"The mere existence of a fact question cannot preclude summary judgment; the fact must be material to the claims for which summary judgment is sought." *W. Trinity Props., Ltd. v. Chase Manhattan Mortg. Corp.*, 92 S.W.3d 866, 869 (Tex. App.—Texarkana 2002, no pet.).

We have already concluded that the Deed accomplished a legally effective conveyance that vested title to the property in Waldroup. Pertolanitz does not explain how Waldroup's alleged behavior is material here; it is not.

## C. Pertolanitz likewise cannot change this result on the basis of his affidavit.

Finally, although the trial court did not specify its reasons for granting summary judgment, Pertolanitz argues the trial court must have improperly granted the motion on what he calls a "procedural technicality"—his failure to attach an affidavit to his response brief, instead trying to testify in person. Pertolanitz appears to be relying on the following exchange during the summary judgment hearing:

> MR. MIGLIUOLO: I know our response was not provided with a sworn affidavit. Mr. Pertolanitz is here, ready to testify under oath, as to all what I just discussed and put forward, if needed.
>
> THE COURT: But summary judgment hearings aren't evidentiary.

Pertolanitz's argument fails for multiple reasons. First, Texas Rule of Civil Procedure 166a states that "[n]o oral testimony shall be received at the hearing." TEX. R. CIV. P. 166a(c); *Id.* ("[T]he adverse party . . . *may file and serve opposing*

11

*affidavits* or other written response." (emphasis added)). The trial court did not err in not allowing oral testimony.

Second, Pertolanitz's affidavit—in which he asserted that he did not receive full consideration—would not have created a genuine dispute of material fact regarding the conveyance of the property anyway, for the reasons discussed above in Section B.3.[4]

## CONCLUSION

We affirm the trial court. The Deed accomplished a legally effective conveyance that vested title to the subject property in Waldroup.

Jennifer Caughey
Justice

Panel consists of Chief Justice Adams and Justices Caughey and Johnson.

---

[4] We also reject Pertolanitz's argument that the trial court erred in granting summary judgment because Waldroup did not address Pertolanitz's "asserted to be filed counterclaims." By Pertolanitz's own admission, his "counterclaims are not yet filed." As our Rules of Civil Procedure dictate, "[e]very pleading, plea, motion, or application to the court for an order, whether in the form of a motion, plea, or other form of request . . . *must be filed* with the clerk of the court in writing, must state the grounds therefor, must set forth the relief or order sought, and at the same time a true copy *must be served* on all other parties, and must be noted on the docket." TEX. R. CIV. P. 21(a) (emphasis added). Pertolanitz has not cited, and this Court has not found, any law that required Waldroup to respond to Pertolanitz's *unfiled* counterclaims.